UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MOHD NAIM AHMAD,  :
:
        Petitioner  :
:  CIVIL NO. 1:CV-09-0532
    vs.  :
:  (Judge Caldwell)
INS,  :
:
        Respondent.  :

*M E M O R A N D U M*

On March 23, 2009, Mohd Naim Ahmad, a native of India, formerly held at the Clinton County Correctional Facility as a detainee of the Bureau of Immigration and Customs Enforcement (ICE), filed the above-captioned habeas corpus petition contesting his January 29, 1992, order of removal *in absentia*. He is also challenging his continued post-final order detention in accordance with *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (Doc. 1, Petition).

On April 16, 2009, Respondent filed a Response to the Petition requesting the dismissal of the petition because Ahmad's detention is lawful, and because the Court lacks subject matter jurisdiction to review his challenge to the order of removal. (Doc. 8, Response). Ahmad then filed a Traverse addressing Respondent's arguments as to the validity of his continued

detention. Ahmad did not contest Respondent's argument that this Court lacks jurisdiction over his challenge to his final order of removal. (Doc. 11, Traverse). On June 8, 2009, Ahmad, via a letter, notified the Court of his release from ICE custody and his current address in Detroit, Michigan. (Doc. 16, Letter).

As Ahmad is no longer in ICE custody, his challenge to his post-final order detention pending removal is moot. Ahmad has been awarded the relief he sought from the Court on this claim, his release from ICE custody. Upon his release from ICE custody, no further remedy could be provided by the Court as to this claim; therefore, it is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).

Next, we turn to Ahmad's request that this Court rescind the Immigration Judge's (IJ) removal order against him entered *in absentia*. As to this claim, we agree with Respondent, that to the extent Ahmad is attempting to challenge his final order of removal, we lack jurisdiction to address such a claim. The Supreme Court has held that § 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings. *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). However, on May 11, 2005, Congress enacted the REAL ID Act of

2005, Pub.L.No. 109-13, Div. B, 119 Stat. 231 (2005) (REAL ID Act), which divested the district courts of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.* Thus, the REAL ID Act expressly eliminated district-courts jurisdiction over habeas corpus petitions challenging orders of removal. *See Haider v. Gonzales*, 438 F.3d 902, 909-910 (8th Cir. 2006)(alien's claim that an in absentia order of removal was invalid due to lack of notice "does nothing more than attack the IJ's removal order," and thus proper jurisdiction of such a claim was in the court of appeals; *see also Bonhometre v. Gonzales*, 414 F.3d 442, 445-446 (3d Cir. 2005)(same).

Because Ahmad was ordered deported by an IJ in New York, any available challenge to the order of removal must be brought in the Second Circuit Court of Appeals, which has jurisdiction over the immigration court that issued the deportation order. *See* 8 U.S.C. § 1252(b)(2). Under federal law, "[w]henever a civil action is filed in a court ... or an appeal, including a petition for review of an administrative

-3-

action, is noticed for or filed with such a court and the court finds that there is want of jurisdiction, the Court shall, if it is in the interest of justice, transfer such action or appeal to any such court which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. If Ahmad seeks to challenge his actual removal from the United States, such an action should be filed in the Second Circuit Court of Appeals. Under the REAL ID Act, an alien must file a Petitions for Review seeking to challenge a final order of removal with the appropriate court of appeals within thirty (30) days of issuance of the order of removal. In this case, the final order of removal was issued in January 1992. Thus, the interest of justice does not require this Court to transfer the instant petition to the court with the authority to review it.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 16, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MOHD NAIM AHMAD,                :
                                :
         Petitioner             :
                                :   CIVIL NO. 1:CV-09-0532
     vs.                        :
                                :   (Judge Caldwell)
INS,                            :
                                :
         Respondent.            :


*O R D E R*

AND NOW, this 16th day of June, 2009, it is ordered that:

1. To the extent Petitioner challenges his final order of removal *in absentia*, the Petition for Writ of Habeas Corpus (doc. 1) is dismissed for lack of subject matter jurisdiction.

2. Petitioner's challenge to the legality of his continued detention is dismissed as moot.

3. The Clerk of Court is directed to close this file.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge